## Serfas License

*Leo A. Achterman,* for appellant.

*Peter P. Jurchak,* Special Deputy Attorney General, for Pennsylvania Liquor Control Board.

DAVIS, P. J., June 18, 1948.—This appeal is before us from the refusal by the Pennsylvania Liquor Control Board to grant a hotel liquor license for premises located at Canadensis, in Barrett Township, Monroe County, Pa. The opinion of the Liquor Control Board discloses that a previous application for similar license for the same place was refused by the board on August 20, 1947, for the reason that the premises proposed to be licensed were within 300 feet of the Canadensis Methodist Church, which had filed objections to the granting of a hotel liquor license. At the hearing before the court it was definitely established that at the time of the first application the place proposed to be licensed was within 300 feet of the Canadensis Methodist Church if measured in accordance with the rule or regulation promulgated by the Liquor Control Board, which is as follows:

"A straight line shall be extended to the curb or street line at a point directly opposite the center of the patrons' entrance doorway of the building, proposed to be licensed, or in which are located the room or rooms proposed to be licensed, said entrance door to be the one nearest the church, school, etc., and in the event the building proposed to be licensed has more than one patrons' entrance door, then the line shall be extended to a point on the curb or street line directly opposite the nearest entrance door of the said building to the church, school, etc. From the point thus established on the curb or street line, hereinafter referred to as the 'fixed point', the distance of three hundred feet shall be measured."

Subsequently, applicant closed the entrance nearest the church, which was in a building used for sleeping quarters and was connected to the hotel proper by an open porch, by enclosing the open porch and making a game room thereof. It is not disputed that as the premises existed at the time of the second application the measurement from the church to the proposed licensed place, in accordance with the rule and regulation of the board quoted above, was over 300 feet. The board, in its opinion refusing the second application, said:

"It is apparent, however, that the building housing the premises for which the license is desired is undoubtedly within 300 feet of the church and the board is not inclined to believe that the situation is materially altered by the relocation of the entrance."

With this statement we agree, and if it were properly within our power to determine the manner in which the measurement should be made we would hold that the proposed licensed place is within 300 feet of the Canadensis Methodist Church and sustain the board in this appeal. However, the legislature gave the power to make rules and regulations to the Liquor Control Board and not to the courts and provided that

same should be published and disseminated through the Commonwealth: 47 PS §744-202. The board, pursuant to the powers given to it, promulgated the regulation and set up the specific manner in which the distance should be determined. We feel that we are bound by the regulation. If we are to be freed from the force of this regulation we must find that the board abused its discretion in promulgating the regulation. We hesitate to do this especially in view of the fact that this regulation has been in effect for several years. The legislature placed the responsibility on the board. Although we don't agree with what was done we cannot conscientiously say that the board in the promulgation of the rule abused the power granted to it. In our opinion when the board exercised its discretion and promulgated the formal regulation, that regulation became an effective part of the Liquor Law and could only be changed as it was made, by formal action of the board: Engel License, 62 D. & C. 247.

If this is not the correct interpretation of the law, of what value is a regulation? Why did the legislature provide that the regulations should be published and disseminated through the Commonwealth if it did not intend that the board should be bound by their regulations? If the board can still exercise its discretion in a manner contrary to the formal regulation then the regulation becomes not a guiding light but a snare and a delusion.

As we view the matter under the admitted facts in the case applicant has met all of the conditions required by section 403 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, 47 §744-403, and therefore the issuance of the license is mandatory unless the place proposed to be licensed is within 300 feet of the Canadensis Methodist Church.

Counsel for the board has cited no case showing that the courts have sustained the board in refusing a license because the proposed licensed place was within

300 feet of a church, school, etc., when the measurement made under a rule laid down by the board disclosed the proposed licensed place to be more than 300 feet from a church, school, etc.

Counsel for the board cites Kulbicas' License, 34 D. & C. 423, to sustain their action. An examination of this case shows that under the rule laid down by the board the measured distance between the two properties was 293 6/10 feet and thus was within the distance wherein the board had the right to use its discretion. In this case Judge Henry points out the folly of predicating distance upon the location of a door.

In Engel License, supra, Judge Bok aptly said:

"It might be added that the legislature must have foreseen that the 300-foot line would pass through parts of properties, particularly in the cities. It did not say, in section 403 of the act, that the board could use discretion when 'such place, *or any part thereof'* was within 300 feet of a church: it merely said 'such place'. The regulation alone fixes where 'such place' is, in legal effect"

Applicant must not open an entrance to the premises or any part of the property that lies within 300 feet of the church. Out of caution we direct that applicant post bond in the sum of $2,000, conditioned upon the observance of this order. We, therefore, enter the following

*Decree nisi*

And now, June 18, 1948, the appeal of Daniel L. Serfas is sustained and the Pennsylvania Liquor Control Board is directed to issue a hotel liquor license for the premises described in the application from which the appeal was taken, and Daniel L. Serfas is ordered to post bond in the sum of $2,000 to be approved by the court, conditioned as aforesaid.

If no exceptions are filed within 10 days this decree shall become final and the clerk of the court is directed to enter the same as the final decree.